Filed 8/2/22  P. v. Hill CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEANDRE MAURICE HILL,<br><br>    Defendant and Appellant. | A164599<br><br>(Alameda County Super. Ct. No. 158165) |

In 2008, defendant Deandre Hill was convicted of first degree murder and sentenced to life in prison without parole.  Hill was also ordered to pay various restitution, fines, and fees, including a $100 probation investigation fee imposed under Penal Code section 1203.1, subdivision (b) (section 1203.1(b)).[1]  We subsequently affirmed the conviction.  (*People v. Hill* (Jan. 25, 2011, A124123 & A124244) [nonpub. opn.].)

In 2022, Hill filed an *ex parte* motion to vacate the restitution, fines, and fees, arguing that he was denied due process by the imposition of these costs without consideration of his ability to pay.  The trial court summarily denied the motion on a number of grounds, including that it lacked jurisdiction because the judgment in Hill's case was final.

---

[1] Further undesignated code references are to the Penal Code.

1

Hill now appeals the denial of his motion to vacate only as to the $100 probation investigation fee. He argues that the request to vacate this fee should have been granted pursuant to section 1465.9, subdivision (a), which provides that any unpaid balance of costs imposed under section 1203.1(b) "shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." We agree and reverse.

## BACKGROUND

### A. *Conviction and Sentencing*

In 2008, Hill was convicted of first degree murder (§ 187, subd. (a)) and sentenced to life in prison without parole, plus a consecutive 10-year term for a firearm use enhancement (§ 12022.53, subd. (b)), and a one-year term for an arming enhancement (§ 12022, subd. (a)(1)). Hill was ordered to pay a $10,000 restitution fine (§ 1202.4, sub.(b)); $7,500 in victim restitution; a $20 court security fee (§ 1465.8); and a $100 probation investigation fee (§ 1203.1, subd. (b)). Hill appealed. We stayed the one-year term imposed pursuant to section 12022, subdivision (a)(1), and affirmed the conviction. (*People v. Hill*, *supra*, A124123 & A124244.)

### B. *Section 1465.9*

In 2020, the Legislature passed Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869). Assembly Bill 1869 recognized that court-ordered fines and fees are "often assigned to people who simply cannot afford to pay them," and "make poor people, their families, and their communities poorer." (Stats. 2020, ch. 92, § 2.) Its stated intent was "to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (*Ibid*.)

2

Effective July 1, 2021, Assembly Bill 1869 abrogated the authority to collect certain unpaid fees by adding section 1465.9 to the Penal Code and section 6111 to the Government Code. (Stats. 2020, ch. 92, §§ 11, 62; *People v. Greeley* (2021) 70 Cal.App.5th 609, 625 (*Greeley*).) Section 1465.9, subdivision (a) provides, in relevant part, that the "balance of any court-imposed costs pursuant to . . . Section 1203.1b . . . as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

## C. *Hill's Motion to Vacate Fees and Fines*

In 2022, Hill moved to vacate the total amount of the combined restitution, fines, and fees. He cited *People v. Duenas* (2019) 30 Cal.App.5th 1157 to argue that the sentencing court had denied him due process by imposing these costs without considering whether he had the ability to pay.[2]

The trial court denied the motion. It explained that the court had no jurisdiction to reduce the restitution fine because the judgment of conviction was final and even if it had jurisdiction, there was no evidence that the trial court breached its duty to consider Hill's inability to pay or that the amount of the fine was grossly disproportionate to the crime for which he was convicted. The court determined that it lacked jurisdiction to modify the victim restitution order because the amount had already been determined and even if it had jurisdiction, section 1202.4, subdivision (g) precludes the consideration of inability to pay in determining the amount of a restitution order. It also concluded Hill had forfeited his challenge to the fines and fees because he did not object to them at sentencing. This appeal followed.

---

[2] In his opening brief, Hill acknowledges he was unaware when he filed the motion that "ability to pay is not relevant to victim restitution."

## DISCUSSION

In this appeal, Hill argues that his request to vacate the $100 probation investigation fee should have been granted pursuant to section 1465.9. As this argument raises a question of statutory interpretation, " 'our primary task is to determine the lawmakers' intent' " and we must first look to the words of the statute itself as "chosen language is the most reliable indicator of its intent." (*MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1082.) "If the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction." (*Id.* at p. 1083.)

Section 1465.9 subdivision (a) provides, in relevant part: "The balance of any court-imposed costs pursuant to Section . . . 1203.1b . . . as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." Here, Hill requested to vacate an unpaid probation investigation fee imposed pursuant to section 1203.1(b). We conclude that Hill's request is consistent with what the plain language of section 1465.9 authorizes.

The Attorney General argues that the denial of this request should be affirmed for two reasons, neither of which we find persuasive. First, he contends that the trial court correctly concluded it lacked jurisdiction to modify Hill's final judgment. We agree that, in general, " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.) Cases interpreting Assembly Bill 1869, however, make clear that the general rule does not apply here.

In *Greeley*, the defendant was sentenced in 2019 and ordered to pay various fines and fees, including a probation supervision fee and a criminal

4

justice administration fee. (*Greeley*, *supra*, 70 Cal.App.5th at pp. 623–624.) The defendant subsequently sought to have these fees stricken as uncollectable and unenforceable under section 1465.9 (the probation supervision fee) and Government Code section 6111 (the criminal justice administration fee). (*Greeley*, at pp. 625–626.) *Greeley* concluded that the fees must be vacated. (*Id.* at p. 627.) It explained that "by its plain terms the ameliorative changes of Assembly Bill 1869 *apply retroactively* to make any unpaid portion of the identified assessments, as they existed on June 30, 2021, 'unenforceable and uncollectible' as of July 1, 2021." (*Id.* at p. 626, italics added.) Indeed, *Greeley* noted that the plain language of both statutes "not only authorizes, but mandates, vacation of a portion of a judgment for the purpose of striking the now-unauthorized assessments—here, the unpaid balance of the probation supervision and criminal justice administration fees. Specifically, after declaring that the identified fees are now 'unenforceable and uncollectible,' the relevant statutes then state, '*and* any portion of a judgment imposing those costs *shall be vacated.*' " (*Ibid.*)

The retroactivity of Assembly Bill 1869 was also considered in *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945. In that case, the defendant was also ordered to pay a criminal justice administration fee before Government Code section 6111 became effective. (*Lopez-Vinck*, at p. 950.) *Lopez-Vinck* determined that the defendant was entitled to the vacatur of that fee. (*Id.* at p. 953.) The appellate court reasoned that Assembly Bill 1869 "reflects a legislative intent to address retroactive application of its terms." (*Id.* at p. 952.) Specifically, it distinguishes between fees already paid and those that remain outstanding as of July 1, 2021, clarifying its intent " '*to eliminate all outstanding debt incurred as a result of the imposition of administrative fees.*' " (*Ibid.*) By identifying the precise date on which the costs would

become unenforceable and uncollectable, "the Legislature made clear that any amounts paid prior to that time need not be vacated, regardless of whether the sentence of the person on whom the costs were imposed is final." (*Id*. at p. 953.) *Lopez-Vinck* thus concluded that "section 6111 indicates a legislative intent to extend the ameliorative changes in the law regarding the imposition of administrative fees to individuals serving *both final and nonfinal sentences,* but only to the extent of relieving those individuals of the burden of any debt that remains unpaid on and after July 1, 2021[.]" (*Ibid.*, italics added.) We agree with *Greeley* and *Lopez-Vinck* that defendants whose sentences are final are entitled to have their judgments modified to vacate the unpaid balance of administrative fees repealed by Assembly Bill 1869.

Second, the Attorney General argues that Hill need not have these fees "formally vacated" because they are already uncollectible under section 1465.9. We agree that defendants like Hill are not *required* to seek vacatur of unpaid fees in order to obtain the ameliorative benefit of Assembly Bill 1869. But the plain language of section 1465.9 explicitly provides defendants with two remedies: (1) rendering the fees unenforceable and uncollectible; *and* (2) vacating any portion of a judgment which imposed such fees. (*Greeley*, *supra*, 70 Cal.App.5th at p. 626; *People v. Lopez-Vinck*, *supra*, 68 Cal.App.5th at p. 953.) "Significantly, '[t]he Legislature also used the conjunctive "and" which must be given effect under traditional statutory interpretation rules.' " (*Greeley*, at p. 626.) "Thus, although the unpaid balance of the identified fees is no longer enforceable and collectible, the statute *also* mandates that any portion of a judgment imposing those fees be vacated." (*Ibid*.)

This separate remedy was also recognized in *People v. Clark* (2021) 67 Cal.App.5th 248, where the defendant sought to strike a monthly probation supervision fee based on the passage of Assembly Bill 1869 while the appeal was pending. (*Clark*, at p. 252.) *Clark* concluded that it was required to vacate the portion of the judgment imposing the fee. (*Id.* at p. 260.) It explained: "Assembly Bill 1869, to be sure, is not self-executing to the extent it authorizes a defendant debtor to request vacatur of the 'portion' of a judgment imposing an outstanding, uncollectible 'balance' of indebtedness. To truly wipe out that phantom debt, any appellant in Clark's position may make such a request, and if he or she does, we must grant it *even though* the pertinent fees are no longer collectible. The language of the statute is mandatory (i.e., 'shall be vacated')." (*Id.* at p. 259.) Given Hill's request to exercise this remedy, we conclude that the trial court was required to vacate the unpaid balance of the probation investigation fee.

## DISPOSITION

The February 3, 2022 order is reversed as to the denial of Hill's *ex parte* motion to vacate the $100 probation investigation fee imposed pursuant to section 1203.1(b). The order is otherwise affirmed. The matter is remanded to the trial court with directions to correct the abstract of judgment to reflect the vacatur of any balance of the fee imposed pursuant to section 1203.1(b) that remains unpaid as of July 1, 2021. The court shall forward a copy of the corrected abstract to the Department of Corrections and Rehabilitation.

_____
Mayfield, J.*

We concur:


_____
Richman, Acting P.J.


_____
Stewart, J.


*People v. Hill* (A164599)


        * Judge of the Mendocino Superior Court, assigned by the Chief Justice
pursuant to article VI, section 6 of the California Constitution.


8